IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GREYSTONE CONSULTING GROUP, LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:23-cv-01739-PTG-WEF ) |
| BEN NUSSBAUM, | ) ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

NOW COMES Defendant Mr. Ben Nussbaum, by and through his attorneys, for his Answer to the Complaint for Breach of Contract ("Complaint") of Plaintiff Greystones Consulting Group, LLC ("Plaintiff"), states as follows:

## GENERAL DENIAL

Defendant Nussbaum has made an effort to respond to each and every allegation contained in the Complaint. However, to the extent that any allegation was overlooked or inadvertently not responded to, Defendant Nussbaum denies the allegation.

## NATURE OF THE CASE[1]

1. Defendant Nussbaum denies the allegations of paragraph 1.

## PARTIES, JURISDICTION AND VENUE

---

[1] For completeness, Defendant includes the verbatim headings used by Plaintiff in the Complaint along with its answer to the numbered paragraphs of the Complaint. Defendant does not admit or embrace any factual allegations potentially included in such headings and it expressly denies the same.

2. Defendant Nussbaum admits that Plaintiff is domiciled in Washington, D.C., but lacks sufficient information and belief as to any remaining allegations of Paragraph 2 and therefore denies the same.

3. Defendant Nussbaum admits that he is a natural person, but denies that he resides in Cleveland, OH.  Defendants Nussbaum resides in Wooster, Ohio.

4. Defendant Nussbaum admits that this Court has jurisdiction over this matter, but denies that the contract is binding or enforceable and thus denies paragraph 4.

5. Defendant Nussbaum admits that venue is proper, but denies that the contract is binding or enforceable and thus denies paragraph 5.

6. Defendant Nussbaum admits that Plaintiff properly applies Va. Code § 8.01-328.1 based on the claims of the Complaint, but Defendant Nussbaum denies many of the underlying factual allegations giving rise to the cause of action and thus denies paragraph 6.

## SUMMARY OF FACTS

7. Defendant Nussbaum lacks sufficient information and belief as to the allegations of Paragraph 7 and therefore denies the same.

8. Defendant Nussbaum admits paragraph 8.

9. Defendant Nussbaum denies paragraph 9.

10. Defendant Nussbaum admits paragraph 10.

11. Defendant Nussbaum denies paragraph 11.

12. Defendant Nussbaum admits that Plaintiff provided him with a company laptop but denies that Plaintiff instructed him to conduct all company work on the laptop.

13. Defendant Nussbaum denies paragraph 13.

14. Defendant Nussbaum denies paragraph 14.

15. Defendant Nussbaum denies paragraph 15.

16. Defendant Nussbaum denies paragraph 16.

17. Defendant Nussbaum denies paragraph 17.

18. Defendant Nussbaum denies paragraph 18.

19. Defendant Nussbaum denies paragraph 19.

20. Defendant Nussbaum admits that the language in paragraph 20 reflects a portion of the alleged Employment Agreement, but otherwise denies the allegations of paragraph 20.

21. Defendant Nussbaum admits that he returned the laptop to Plaintiff but denies wiping the laptop as set forth in paragraph 21.

22. Defendant Nussbaum denies paragraph 22.

23. Defendant Nussbaum lacks sufficient information and belief as to the allegations of Paragraph 23 and therefore denies the same.

24. Defendant Nussbaum denies paragraph 24.

25. Defendant Nussbaum denies paragraph 25.

26. Defendant Nussbaum denies paragraph 26.

27. Defendant Nussbaum denies paragraph 27.

28. Defendant Nussbaum denies paragraph 28.

29. Defendant Nussbaum denies paragraph 29.

30. Defendant Nussbaum admits that the language in paragraph 30 reflects a portion of the Employment Agreement, but otherwise denies the allegations of paragraph 30.

31. Defendant Nussbaum denies paragraph 31.

## COUNT I – BREACH OF CONTRACT

32. Responding to paragraph 32, Defendant Nussbaum incorporates its answers to paragraphs 1 through 31 as if fully set forth herein.

33. Defendant Nussbaum denies paragraph 33.

34. Defendant Nussbaum denies paragraph 34.

35. Defendant Nussbaum denies paragraph 35.

36. Defendant Nussbaum denies paragraph 36.

37. Defendant Nussbaum denies paragraph 37.

38. Defendant Nussbaum denies paragraph 38.

## COUNT II – BREACH OF CONTRACT

39. Responding to paragraph 39, Defendant Nussbaum incorporates its answers to paragraphs 1 through 38 as if fully set forth herein.

40. Defendant Nussbaum denies paragraph 40.

41. Defendant Nussbaum denies paragraph 41.

42. Defendant Nussbaum denies paragraph 42.

43. Defendant Nussbaum denies paragraph 43.

44. Defendant Nussbaum denies paragraph 44.

45. Defendant Nussbaum denies paragraph 45.

46. Defendant Nussbaum denies paragraph 46.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserves the right to amend its Answer as additional information becomes available. Defendant further reserves the right to rely upon and plead additional defenses that may be revealed or discovered throughout the pendency of this case.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

2. At all times relevant, Defendant acted in good faith.

### THIRD AFFIRMATIVE DEFENSE

3. At all times, Defendant has engaged in reasonable and lawful conduct.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims fail in whole or in part to the extent that Plaintiff has suffered no damages.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred because Plaintiff has not sustained any cognizable injury attributable to Defendant's conduct.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred by the terms of the parties' contractual relationship.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims fail in whole or in part under principles of equity, including without limitation, because of Plaintiff's unclean hands, acts done in bad faith, waiver, release, acquiescence, and laches.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

10. The Employment Agreement, as alleged in the Complaint, was never mutually adopted by the parties and therefore cannot form the basis of any breach-of-contract claim.

11. The Employment Agreement, even if reflecting an agreement between the parties, is unenforceable and is void as against public policy.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment as a matter of law on behalf of Defendant, and award Defendant such other relief as the Court deems just, proper and equitable, including, without limitation the costs and attorneys' fees of this action.

Dated: December 22, 2023             Respectfully submitted,

/s/ Noah P. Sullivan
Noah P. Sullivan (VSB No. 82698)
GENTRY LOCKE ATTORNEYS
919 E. Main Street, Suite 1130
Richmond, Virginia 23219
Telephone: (804) 956-2069
Facsimile: (540) 983-9400
Email: nsullivan@gentrylocke.com

John M. Skeriotis (PHV application forthcoming)
EMERSON, THOMSON & BENNETT, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
Telephone: (330) 434-9999
Facsimile: (330) 434-8888
Email: jms@etblaw.com

*Counsel for Defendant Ben Nussbaum*